IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADAM HOIPKEMIER and KEVIN EPPS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>DUANE MILLER, ERIC MACLEOD, OAK RIDGE PROJECT MANAGEMENT, LLC,<br><br>Defendants.<br><br>and<br><br>MONTEAGELE-OAK RIDGE FUND, LLC,<br><br>Nominal Defendant. | FILE NO.:_____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)**<br><br>(*FEDERAL QUESTION AND DIVERSITY JURISDICTION*)<br><br>(Removed from the Superior Court of the State of Georgia, County of Fulton, Case No. 24CV000341) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Oak Ridge Project Management, LLC ("Oak Ridge"), hereby removes the above-captioned action to this Court from the Superior Court of the State of Georgia, County of Fulton (Case No. 24CV000341) (the "State Action"). As set forth herein, Oak Ridge has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has both diversity jurisdiction over this action

1

pursuant to 28 U.S.C. § 1332(d) and federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## I. PROCEDURAL REQUIREMENTS

1. On January 8, 2024, the State Action was commenced by the filing of Plaintiff's complaint—*i.e.*, "the initial pleading setting forth the claim for relief upon which such action is based," 28 U.S.C. § 1446(b)(1)—in Georgia Superior Court, Fulton County. A copy of that pleading, Plaintiffs' complaint, is attached at *Exhibit A*, and copies of all other process, pleadings, and orders served on Oak Ridge in the State Action are attached at *Exhibit B*, as required by 28 U.S.C. § 1446(a).

2. This Notice is timely, as it is filed within 30 days of Oak Ridge's receipt of service of the State Action (January 9, 2024). *See* 28 U.S.C. § 1446(b)(1).

3. The State Action is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division, as that is the "district and division embracing the place where [the State Action] is pending." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 90(a)(2) (listing Fulton County as within the Atlanta Division of the Northern District of Georgia).

4. Oak Ridge will promptly file a copy of this Notice of Removal with the clerk of the Georgia Superior Court, Fulton County, and will serve a copy on the other parties to the State Action, as required by 28 U.S.C. § 1446(d).

5. The other properly joined and served defendant – Eric MacLeod – has consented to the removal of the State Action to this Court, as required by 28 U.S.C. § 1446(b)(2)(A), and as evidenced by the Consent to Removal appended hereto at *Exhibit C*.[1]

## II. BACKGROUND

6. Plaintiffs' complaint alleges several causes of action, including, Count I: Fraud; Count II: Violation of Georgia RICO Act, O.C.G.A. § 16-4-1, *et seq.*; Count III: Civil Conspiracy; Count IV: Breach of Fiduciary Duty Against Duane Miller (Derivate Claim on Behalf of Monteagle Oak-Ridge Fund, LLC (In the Alternative to Counts One Through Three); Count V: Appointment of Receiver; and Count VI: Attorneys' Fees.

7. Plaintiffs' allegations include that Defendants did not obtain a "qualified appraisal" under the Internal Revenue Service regulations and guidance, (*see* Ex. A, ¶¶ 24, 43), and that the Defendants' predicate acts of mail

---

[1] Neither Defendant Duane Miller nor Defendant Monteagle Oak-Ridge Fund, LLC have been served and thus are not required to consent under 28 U.S.C. § 1446(b)(2)(A).

fraud, wire fraud, and securities fraud included "omitting and failing to supplement the Fund offering documents with material information relating to … the grossly inflated appraisal of the conservation easement and the government's criminal investigation of them" (*see* Ex. A, ¶¶ 67, 68).

8. In their complaint, Plaintiffs purport to assert claims as representatives of a class that includes all investors in Monteagle Oak-Ridge Fund, LLC, excluding the Defendants. (*See* Ex. A ¶¶ 36-40).

### III.  GROUNDS FOR REMOVAL

### A. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS PROCEEDING UNDER 28 U.S.C. § 1332(d).

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because Plaintiffs have brought a putative class action in which there is diversity between one of the Plaintiffs and one of the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.

    a. <u>There is Diversity Between One of the Plaintiffs and one Properly Joined Defendant</u>.

Plaintiffs are, and were at the time the State Action was filed, citizens of the State of Georgia.  Defendant Duane Miller is, and was when the State Action was filed, a citizen of Missouri.  Defendant Eric MacLeod is, and was when the State Action was filed, a citizen of North Carolina.

b.  The Amount in Controversy Exceeds $5,000,000.

Plaintiffs allege that the Internal Revenue Service has disallowed the charitable contribution deduction passed through to Plaintiffs and other investors in the Monteagle Oak-Ridge Fund, LLC totaling $11,304,240, and has assessed $5,247,865.52 in interest as of May 10, 2023. (See Ex. A, ¶ 7). Plaintiffs' alleged damages of $16,552,105.50 satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(d).

## B. THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS PROCEEDING UNDER 28 U.S.C. § 1331.

Based on Plaintiffs' allegations, the resolution of Plaintiff's state law claims will require the determination of Internal Revenue Service regulations and guidance, among other federal statutes, regulations, and guidelines. Such necessary federal question determinations are substantial enough to confer federal question jurisdiction over the claims in the complaint, particularly the RICO claim. *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 518–20 (11th Cir. 2000) (finding that because the case required the court to decide whether or not a breach of the disclosure duty under a federal act constitutes a federal mail and wire fraud crime to determine the state cause of action, that this federal question constitutes a federal question which may be substantial enough to confer federal question jurisdiction).

## IV.  RESERVATION OF RIGHTS

Oak Ridge denies the allegations contained in Plaintiffs' complaint, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor.

This 8th day of February, 2024.

Respectfully submitted,

**FINCH MCCRANIE LLP**

By: /s/ *David H. Bouchard*
David H. Bouchard
GA Bar. No. 712859
229 Peachtree St. NE, Suite 2500
Atlanta, GA 30303
404.658.9070
david@finchmccranie.com

**CARMODY MACDONALD P.C.**

By:     /s/ S. Todd Hamby
S. Todd Hamby, (Mo. Bar No. 40376)*
Jarred W. Boyer, (Mo. Bar No. 73674)*
120 South Central Avenue, Suite 1800
St. Louis, MO 63105-1705
(314) 854-8600 Telephone
(314) 854-8660 Facsimile
sth@carmodymacdonald.com
jwb@carmodymacdonald.com

Attorneys for Defendant Oak Ridge Project Management, LLC

* Pro Hac Vice Application Pending

6

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing **Notice of Removal** has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

                                                            Respectfully submitted,

                                                            */s/ David H. Bouchard*
                                                            David H. Bouchard
                                                            david@finchmccranie.com
                                                            Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that Defendant, through its attorneys, has served a true and correct copy of the foregoing Notice of Removal via U.S. Mail on Plaintiff's counsel of record in the State Action at their addresses listed on the Complaint in the State Action.

Dated: This 8th day of February, 2024.

>  */s/ David H. Bouchard*
>  David H. Bouchard
>  david@finchmccranie.com
>  Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile